## SILBERMAN & CO v ACME HOUSE WRECKING CO.

### Ohio Appeals, 8th Dist, Cuyahoga Co.

### No 9475. Decided Nov. 26, 1928

Sol Edgert, Cleveland, for Silberman & Co.

S. A. Finesilver, Cleveland, for Wrecking Co.

**SULLIVAN, PJ.**

A more serious question would arise under the record in the case were the trans-action not confined to chattel property only, but to an interest in real estate. It is claimed by counsel for plaintiff below that even though the contract for the disposal of the chattels related only to the building itself, yet it was an interest in real estate inasmuch as the building was located upon and was part of the land itself.

We do not think that the authorities in Ohio recognize this principle. Under the facts in the case there is no question in our mind but that the subject matter of the transaction relates only and wholly to personal property, and was not in any sense of the law in any manner connected with an interest in lands. Therefore, the question can only be approached upon principles relating to the sale of personal property.

It is undoubtedly the law that even in relation to fixtures which are part and parcel of real estate that an agreement which designates the property in question as personal property, and excludes it from the field of permanent fixtures, will be sustained by the courts and the only possible question that could arise in a case of this character is whether the ultimate purchaser of the land is held to the restrictive agreement without notice.

The building in the instant case was bargained for, for the purpose of wrecking and for no other purpose connected with an interest in the land itself.

Prior to the wrecking of the building, G. L. Silberman & Co. plaintiff in error, was a tenant from month to month under a business relationship with the Nickle Plate Railroad Company and subsequently The Acme House Wrecking Co., purchased the building for the purpose of wrecking it, but no interest in the land was conveyed nor was it the intention so to do.

The New York Central Railroad Co., was the owner in fee simple and inasmuch as the Union Depot project was in contemplation it became necessary to take the building off and therefore the necessity of wrecking the same.

Thus it happened that the property was rented to plaintiff in error for a month to month tenancy, and a certain elevator therein having been destroyed by fire, a new one was installed by the tenant, upon the condition that it had the right to remove the same when the building was to be torn down. Before wreckage it was discovered that in conformity to this arrangement with the railroad company and the tenant, the elevator and the other fixtures in question over which the dispute arose, had been removed.

We think under the record in the case that the law applicable thereto is laid down in Thompson on Real Property, Vol. 1, p. 231.

Also 64th Am. Dec. p. 64.

The vital question at bar as herein noted is the sanctity of a special agreement between landlord and tenant regarding fixtures and it is our judgment, under the record, in the present case, that such an agreement supersedes the general rule of

law and is binding upon any one succeeding to the rights of the landlord.

203 Mass. p. 493.

On the question of notice, we think there is some evidence even though it be but of an inferential nature, of constructive notice, even though there is no evidence of actual notice to the purchaser of the building, for the reason that in a building of the character of the one at bar which was necessary to remove in order to make way for coming improvements, the presence of the tenant or the occupant we think forms a sufficient basis at least to put the purcahser upon inquiry, especially where, as in the case at bar, the elevator itself was distinctly used for the prosecution of the business in which the plaintiff in error was specifically engaged. If, however, it is argued that no such inference arises as would put the purchaser upon inquiry, yet we think that the absence of the elevator and its equipment was sufficient in itself to form an inference at least that would be a basis for inquiry, unless the elevator equipment was a fixture in the sense that it was a component and composite part of the building and if that was the case, surely its absence would be sufficient to make a purchaser inquire.

Holding these views the judgment of the lower court is reversed as being contrary to law and final judgment is rendered for plaintiff in error for the reason that the ultimate fact is a concession of the agreement of the right to remove and therefore binding upon the successor of the landlord.

Vickery, and Levine, JJ, concur.